UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLAN DAVID KRENITSKY,

    Plaintiff,

v.

A. KIRSCH, et al.,

    Defendants.

No. 2:18-cv-0690 WBS DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs, resulting in the loss of his left eye, in violation of the Eighth Amendment. Before the court is plaintiff's motion for the appointment of counsel and motion for an extension of the discovery deadline pending a ruling on his request for counsel.

**LEGAL STANDARDS**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

**ANALYSIS**

Plaintiff seeks the appointment of counsel on the grounds that his vision is declining rapidly in his remaining eye and he is unable to do his legal work. He states that an inmate who has been assisting him is now unable to do so. (ECF Nos. 21, 22.) Defendant Kirsch opposes the motion. He argues that plaintiff's case is not complex, that he does not have any mental disability that inhibits his ability to understand these proceedings, and that an assignment of counsel is not a necessary form of accommodation for a partial vision impairment. (ECF No. 26.)

**I.     Likelihood of Success on the Merits**

At this early stage of these proceedings, plaintiff has shown a likelihood that this case could succeed on the merits. In his complaint, plaintiff contends that he fell and "was poked in my left eye, causing pain and vision loss." (ECF No. 1 at 3.) He sought medical attention. Defendant Martinez was the first medical professional to see him. Plaintiff then saw defendants Kirsch and Jackson. He told each defendant he was experiencing vision loss and pain. Each defendant did not treat plaintiff's injury with any urgency and refused to send him to an ophthalmologist. Plaintiff asserts that he had an eye infection and, as a result of the lack of treatment, the infection caused him to lose his eye. In addition, it caused plaintiff to suffer daily migraines.

If plaintiff's assertions that defendants ignored his description of his symptoms and that the lack of treatment caused his eye loss are found true, he could succeed on his claim of deliberate indifference.

////

## II. Complexity of the Case

The second question in determining whether plaintiff has shown exceptional circumstances justifying appointment of counsel is plaintiff's abilities to litigate the case in light of its complexity. Defendant Kirsch argues the case is not complex because plaintiff "simply needs to demonstrate that Defendants knew that he faced a substantial risk of serious harm and disregarded that risk." (ECF No. 26 at 3.) This court disagrees. Proving a claim of deliberate indifference to a serious medical need can be complex. Plaintiff must show his medical need was serious, that defendants subjectively acted with deliberate indifference, and that the failure to properly treat plaintiff's medical need caused the injury he suffered. A medical case can require experts regarding the adequacy of the care plaintiff was provided, the seriousness of the medical need plaintiff presented at that time, whether the lack of treatment caused plaintiff's injury, and the extent of plaintiff's injury. These medical issues can be complex.

Defendant Kirsch further argues that the fact plaintiff has a "vision impairment" should not justify the assignment of counsel. However, plaintiff presents more than just impaired vision. He shows that the vision in his one remaining eye is declining rapidly and he is unable to do his legal work. While he may have had some assistance from prison staff, it does not appear that he is entitled to regular assistance based on his lack of vision. Moreover, the fact that plaintiff has previously filed lawsuits is irrelevant. Plaintiff has presented evidence showing a recent and steep decline in his vision that has changed his ability to function.

For these reasons, the court will grant plaintiff's motion for the appointment of counsel. Plaintiff is advised, however, that this order granting his motion is not a guarantee that he will get counsel. The court must locate counsel willing and able to accept appointment to his case without pay. The court will make every effort to find such counsel.

In his motion for an extension of time, plaintiff asks that discovery be stayed until the court rules on his motion for the appointment of counsel. (ECF No. 21.) Defendants do not oppose the motion and request the court set new deadlines. (ECF Nos. 28, 29.) Because the court will grant plaintiff's motion for the appointment of counsel, the court will vacate all current

////

deadlines until either counsel is appointed or the court has determined that it is unable to locate counsel to appoint.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel (ECF No. 22) is granted.
2. This action is referred to the court's Alternative Dispute Resolution and Pro Bono Program Director Sujean Park to locate an attorney who is admitted to practice in this Court and is willing to accept the appointment.
3. Plaintiff's motion for an extension of time (ECF No. 21) is granted. All deadlines in this action are vacated pending the appointment of counsel. In addition, the court stays consideration of defendants Jackson and Martinez's pending motion to compel. Plaintiff need not respond to that motion at this time.

Dated: November 15, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/kren0690.31 granted

4