UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN DAVID KRENITSKY,<br><br>          Plaintiff,<br><br>     v.<br><br>A. KIRSCH, et al.,<br><br>          Defendants. | No.  2:18-cv-0690 WBS DB P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding through counsel with a civil rights action under 42 U.S.C. § 1983.  He claims defendants were deliberately indifferent to his serious medical needs, resulting in the loss of his eye.  Before the court is defendant Kirsch's motion to quash a subpoena.  For the reasons set forth below, this court finds oral argument unnecessary, vacates the August 28 hearing on the motion, and denies the motion.

**BACKGROUND**

      Plaintiff filed this action, acting in pro per, on March 29, 2018.  (ECF No. 1.)  Plaintiff alleged that in 2018 at Mule Creek State Prison ("MCSP") he suffered an eye injury during a fall that caused pain and vision loss.  He filed a sick call form and was first seen by defendant Martinez, a registered nurse, who failed to treat his problem with any urgency.  He then saw defendant Dr. Jackson, his primary care physician, and defendant Dr. Kirsch, an optometrist.  Both doctors failed to treat his eye or refer him to an ophthalmologist.  As a result, plaintiff's eye

infection went untreated and he lost his eye.  Also as a result, plaintiff suffers from migraines.  On screening the complaint, this court found plaintiff stated cognizable claims under § 1983 that each defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  (ECF No. 5.)

In November 2018, this court granted plaintiff's motion for the appointment of counsel and appointed attorneys Lawrance A. Bohm and Kelsey Ciarimboli to represent him.  (ECF No. 31.)  Based on stipulations of the parties, this court continued the deadlines for discovery several times.  The deadline for conducting non-expert discovery is September 29, 2020. (See ECF No. 52.)

On July 28, 2020, defendant Kirsch filed the present motion to quash.  (ECF No. 54.)  The parties filed a Joint Statement re Discovery Disagreements.  (ECF No. 59.)  This court finds it can resolve the parties' disputes without oral argument.  E.D. Cal. R. 230(g).

## MOTION TO QUASH

Defendant Kirsch seeks to quash a subpoena plaintiff served on non-party MCSP seeking the production of inmate appeals submitted against defendant Kirsch by third-party inmates, as well as documents contained in Kirsch's personnel file relating to disciplinary actions and performance reviews.  Kirsch argues that the documents sought are privileged and irrelevant.

**I. Legal Standards**

The scope of discovery is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  Discovery may be sought of information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things.  The court "must" quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  The Ninth Circuit has "yet to

1 | address the question of whether a party has standing to bring a motion to quash since usually only
2 | the subpoenaed non-party may move to quash.  The general rule, however, is that a party has no
3 | standing to quash a subpoena served upon a third party, except as to claims of privilege relating to
4 | the documents being sought." California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299
5 | F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo.
6 | 1997)); see also Peccia v. Dep't of Corr. & Rehab., No. 2:18-cv-3049 JAM AC, 2020 WL
7 | 2556751, at *1 (E.D. Cal. May 20, 2020) (citing California Sportfishing, 175 F.R.D. at 643);
8 | Robertson v. Catholic Cmty. Servs. of W. Washington, No. C19-1618 RSM, 2020 WL 1819842,
9 | at *5 (W.D. Wash. Apr. 10, 2020) (same).  Under this general rule, plaintiff lacks standing to
10 | object to the subpoena on grounds of relevance or undue burden.  Wells Fargo & Co. v. ABD
11 | Ins., No. C 12-03856 PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012).  A party
12 | cannot seek to quash a Rule 45 subpoena except to the extent that it has "a personal right or
13 | privilege in the information sought to be disclosed." Freed v. Home Depot U.S.A., Inc., No.
14 | 18cv359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting Chevron Corp. v.
15 | Donziger, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)).[1]

**II. Discussion**

Defendant Kirsch's arguments fail to confer standing.  First, Kirsch has no standing to raise an argument that the information sought is irrelevant.  See Wells Fargo, 2012 WL 6115612, at *2.  Second, Kirsch argues that the information is subject to privileges held by third parties.  Because, as described below, none of the privileges Kirsch sets forth are personal to him, he lacks standing to raise those as well.  See Freed, 2019 WL 582346, at *2.

With respect to plaintiff's subpoena for third-party inmate complaints about Kirsch, Kirsch argues those complaints are subject to inmates' privacy rights arising under federal law and the California Constitution.  In addition, he argues that those complaints likely deal with inmates' medical issues and therefore are further protected by the inmates' rights under the

---

[1] In contrast to a motion to quash, a party has standing to seek a protective order to limit discovery from a third party.  Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005).

3

Health Insurance Portability and Accountability Act (HIPAA).  Because none of these privileges are personal to Kirsch, he may not assert them here.  Kirsch's motion to quash plaintiff's subpoena for third-party inmate complaints will be denied.

With respect to plaintiff's subpoena for documents from Kirsch's personnel files, Kirsch asserts only the "official information privilege."  Federal common law recognizes a qualified privilege for official information.  Kerr v. U. S. Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976).  Government personnel files are considered official information.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citation omitted).  The "'privilege belongs to the Government and must be asserted by it.'"  Kerr, 511 F.2d at 198 (quoting United States v. Reynolds, 345 U.S. 1, 7-8 (1953)); Sterling Merch., Inc. v. Nestle, S.A., 470 F. Supp. 2d 77, 83 (D. P.R. 2006) (official information privilege does not belong to individuals and can only be asserted by a governmental entity); Jones v. DeRosa, 238 F.R.D. 157, 165-166 (D. N.J. 2006); Walker v. Huie, 142 F.R.D. 497, 502 (D. Utah 1992).  That fact is made evident in defendant Kirsch's description of the purpose of the privilege as providing for "disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement staff and ensuring the efficacy of its law enforcement system."  (Jt. Stmt. (ECF No. 59 at 5) (emphasis added).)  Again, Kirsch lacks standing to assert this privilege.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The August 28, 2020 hearing on defendant's motion to quash is vacated; and

2. Defendant Kirsch's motion to quash (ECF No. 54) is denied.

Dated:  August 25, 2020

DLB:9/DB/prisoner-civil rights/kren0690.mtq(2)

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4