UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN DAVID KRENITSKY, | No. 2: 18-cv-0690 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| A. KIRSCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner represented by counsel. Before the court is plaintiff's renewed motion to proceed in forma pauperis ("IFP") and his motion for revocation of the appointment of counsel. For the reasons set forth below, this court will grant plaintiff's motions.

This court previously set out the background for plaintiff's motions. It will not be repeated in detail here. In summary, several months ago plaintiff's counsel, Lawrance Bohm, informed the court that he had learned plaintiff was married after he instituted this action and that plaintiff's spouse's earnings may affect plaintiff's status as an indigent under the IFP statute. This court then ordered plaintiff to file a renewed motion to proceed IFP. With respect to counsel's appointment, both plaintiff and his attorney have provided the court with sufficient information, primarily under seal, regarding their relationship to permit the court to consider plaintiff's motion to terminate that appointment.

////

1

1       The IFP statute provides in relevant part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C.A. § 1915(a)(1). When plaintiff initiated this action on March 29, 2018, he provided the court with a declaration regarding his inability to pay the $400 filing fee and a copy of his prison trust account statement showing plaintiff's minimal balance. This court then granted plaintiff's motion to proceed IFP. Later, this court appointed pro bono counsel for plaintiff.

      Pursuant to the court's General Order 558, Section 3, an indigent litigant must inform the court if he becomes able to afford an attorney and, when he does so, the court "shall terminate" the appointment of pro bono counsel. The Ninth Circuit has held that the IFP statute requires consideration of a spouse's income where that income is available to the plaintiff. See Escobedo v. Applebees, 787 F.3d 1226, 1235-36 (9th Cir. 2015) (citing 28 U.S.C. § 1915(a)).

      In his motion, plaintiff states that he does not have access to his wife's earnings or bank accounts. (ECF No. 69.) He again provides the court with copies of his prison trust accounts statements. (ECF Nos. 72, 73.) In their responses to plaintiff's motion, defendants state that they have no basis upon which to oppose the motion. (ECF Nos. 75, 79.)

      Plaintiff has shown that he does not, practically, have access to his wife's earnings. Plaintiff further shows that his trust account does not, on average, have sufficient funds to require plaintiff to pay the filing fee up front. Accordingly, plaintiff's renewed motion to proceed IFP will be granted. Plaintiff will be required to pay the remainder of the filing fee, if any, as set out in the court's June 19, 2018 order.

      Based on plaintiff's and his counsel's filings, this court finds good cause to terminate the appointment of Mr. Bohm and Ms. Ciarimboli. Plaintiff is substituted in pro per for counsel.

////

////

////

Finally, in a recent filing, plaintiff expressed concern about scheduling.[1] Based on this court's prior scheduling orders, discovery closed in January 2021. That deadline also applied to motions to compel discovery. On February 3, 2021, the parties filed a joint statement proposing deadlines for the filing of dispositive motions, expert discovery, pretrial proceedings, and trial. Issues regarding plaintiff's representation and IFP status arose shortly after the parties proposed this schedule and the court has not adopted it. Therefore, there are currently no deadlines in this case. Because plaintiff is now representing himself, this court sets a deadline below for dispositive motions. Remaining deadlines will be set if and when necessary. Plaintiff is advised to review the court's Discovery and Scheduling Order issued September 10, 2018 (ECF No. 12) for information on procedures for obtaining the attendance of witnesses should this case proceed to trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion to proceed in forma pauperis (ECF No. 69) is granted. This order results in no change to plaintiff's current IFP status.

2. Plaintiff's motion to terminate the appointment of counsel is granted. The appointment of Mr. Bohm and Ms. Ciarimboli is revoked. Plaintiff is substituted in pro per for counsel.

3. The parties shall file any dispositive motions on or before November 8, 2021. Motions shall be briefed in accordance with paragraph 8 of this court's order filed July 6, 2018.

Dated: July 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/civil rights/S/kren0690.renewed mot for IFP

---

[1] Plaintiff also asked for information about a filing sealed by the court on May 24, 2021. That document was a letter to the court from plaintiff in which he sought expedited consideration of his motions to proceed IFP and to terminate the appointment of counsel. Because the document addressed plaintiff's relationship with counsel, this court found it appropriate to file that document under seal. For the same reasons, plaintiff's most recent submission will be filed under seal as well.

3