UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN DAVID KRENITSKY, | No. 2:18-cv-0690 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| A. KIRSCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs, resulting in the loss of his left eye, in violation of the Eighth Amendment. Before the court is plaintiff's second motion for the appointment of counsel. For the reasons set forth below, this court grants the motion.

## BACKGROUND

This case is proceeding on plaintiff's complaint filed March 29, 2018. (ECF No. 1.) Plaintiff seeks relief from three defendants: (1) Dr. A. Kirsch; (2) Dr. J. Jackson; and (3) Registered Nurse M. Martinez. Plaintiff contends that as a result of an eye injury during a fall, he suffered pain and vision loss. He submitted a sick call form and was first seen by defendant Martinez, who failed to treat his problem with any urgency. He then saw defendant Jackson, his primary care physician, and defendant Kirsch, an optometrist. Both doctors failed to treat his eye or refer him to an

1

ophthalmologist. As a result, plaintiff's eye infection went untreated and he lost his eye. Also as a result, plaintiff suffers from migraines. Plaintiff seeks compensatory and punitive damages and an injunction requiring defendants to provide surgery to repair his deformed eyelid, other eye treatment, and treatment for his headaches.

On screening, this court found plaintiff stated cognizable Eighth Amendment claims for relief against all defendants for deliberate indifference to plaintiff's serious medical needs.

After defendants filed an answer, plaintiff moved for the appointment of counsel. (ECF No. 22.) This court granted that motion (ECF No. 30) and on November 18, 2018 this court appointed counsel for plaintiff (ECF No. 31). The parties conducted discovery and litigated discovery issues during 2019 and 2020. In early 2021, plaintiff sought to terminate the appointment of counsel. On July 9, 2021, this court granted plaintiff's request. (ECF No. 83.)

In early 2021, the court was made aware that plaintiff was married during the course of these proceedings and might no longer qualify to proceed in forma pauperis. Plaintiff filed a renewed motion to proceed in forma pauperis, which the court granted. (ECF Nos. 68, 69, 83.) Plaintiff has now filed a second motion for the appointment of counsel. (ECF No. 94.) This court finds a response from defendants unnecessary to consider the motion.

**LEGAL STANDARDS**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

////

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

## ANALYSIS

In his second motion for the appointment of counsel, plaintiff argues that: (1) the factors relevant to his first motion have not changed; (2) prior counsel provided him discovery on computer disks, which plaintiff cannot access; and (3) absent resolution of this case through settlement, it is likely to go to trial. (ECF No. 94.)

When it granted plaintiff's prior motion to appoint counsel, this court found plaintiff met the standards set out in Wilborn. (ECF No. 30.) Specifically, this court found that if plaintiff can prove that defendants ignored his description of his symptoms and that the lack of treatment caused his eye loss, he could succeed on his claim of deliberate indifference. This court further found plaintiff was likely to be unable to litigate a case of this complexity because his vision was rapidly declining and because he contended that he did not have regular assistance conducting research and preparing legal documents.

A couple factors cause this court some hesitation in granting plaintiff's renewed motion. First, plaintiff showed competence in litigating his motion to terminate prior counsel's appointment and in his renewed motion to proceed in forma pauperis. Plaintiff's filings have been thorough and well-reasoned. Plaintiff does not contend that he had assistance from anyone in preparing those filings. Second, plaintiff should be able to have the prison print the discovery documents from the computer disks provided him by prior counsel. If the prison is unwilling or unable to do so, this court could order it or find an alternate method to have the documents printed.

Nevertheless, this court finds, on balance, that the strength of plaintiff's case, its complexity, and plaintiff's declining vision merit granting plaintiff's motion. Plaintiff is again advised that this order granting his motion is not a guarantee he will get counsel. The court must locate counsel willing and able to accept appointment to his case without pay. The court will make every effort to find such counsel.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's second motion for the appointment of counsel (ECF No. 84) is granted.

2. This action is referred to the court's Alternative Dispute Resolution and Pro Bono Program Director Sujean Park to locate an attorney who is admitted to practice in this Court and is willing to accept the appointment.

Dated: August 25, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/kren0690.31(2)